TODD KIM
Assistant Attorney General
Environment and Natural Resources Division

JOHN P. TUSTIN (Texas State Bar No. 24056453)
Senior Attorney
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Phone: (202) 305-3022 / Fax: (202) 305-0275
john.tustin@usdoj.gov

NATALIE K. WIGHT
United States Attorney

*Attorneys for Federal Defendants (additional attorneys in signature block)*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| XERCES SOCIETY FOR INVERTEBRATE CONSERVATION and CENTER FOR BIOLOGICAL DIVERSITY, | Case No. 3:22-cv-00790-HZ |
| Plaintiffs, | |
| v. | FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED AND SUPPLEMENTAL COMPLAINT [ECF No. 11] |
| KEVIN SHEA, in his official capacity as Administrator of the Animal and Plant Health Inspection Service; and the ANIMAL AND PLANT HEALTH INSPECTION SERVICE, | |
| Federal Defendants, and | |
| STATE OF WYOMING and STATE OF MONTANA, | |
| Proposed Intervenor-Defendants | |

Each of Plaintiffs' claims is subject to judicial review, if at all, in accordance with the judicial review provisions of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706. Under the APA, the Court's task is to review the administrative record that was before the federal agency at the time it made the challenged decisions to determine whether, as a matter of law, that administrative record supports the agency's decisions or whether the agency's decisions are arbitrary, capricious or otherwise contrary to law. 5 U.S.C. § 706; *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729 (1985). The Ninth Circuit repeatedly has articulated and enforced the rule that the scope of judicial review of agency action is limited to the administrative record. *See, e.g.*, *Lands Council v. Powell*, 395 F.3d 1019 (9th Cir. 2005); *Northcoast Envtl. Ctr. v. Glickman*, 136 F.3d 660, 665 (9th Cir. 1998).

Accordingly, judicial review of federal agency action is a unique procedure, different in both nature and scope from the procedures used to resolve other civil actions within the original jurisdiction of the federal district courts. *See, e.g.*, *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1579 (10th Cir. 1994) (stating that a "complaint" (and, hence, an "answer") was not the appropriate vehicle for initiating judicial review under the APA). Nonetheless, as a matter of judicial efficiency, Federal Defendants Kevin Shea, in his official capacity as Administrator of the Animal and Plant Health Inspection Service ("APHIS") and APHIS, by and through their undersigned counsel, submit the following "Answer" to the claims and allegations in Plaintiffs' September 2, 2022 First Amended and Supplemental Complaint ("Complaint") (ECF No. 11) challenging APHIS's Rangeland Grasshopper and Mormon Cricket Suppression Program.

The numbered paragraphs of this Answer correspond to the numbered paragraphs of the Complaint.

**"INTRODUCTION"** [1]

1.     The allegations in Paragraph 1 constitute characterizations of Plaintiffs' case, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

2.     Federal Defendants admit the allegation in the first sentence of Paragraph 2 that APHIS is an agency within the U.S. Department of Agriculture. The remaining allegations in Paragraph 2, including footnote 1, constitute characterizations of Plaintiffs' case, to which no response is required. To the extent a response is required, Federal Defendants do not oppose Plaintiffs using the shorthand proposed in their footnote 1 and deny the remaining allegations.

3.     The allegations in the first sentence of Paragraph 3 characterize 7 U.S.C. §§ 136r-1, 7717, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the statutes are denied. The allegations in the second and third sentences of Paragraph 3 constitute characterizations of Plaintiffs' case, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

4.     The allegations in the first sentence of Paragraph 4 characterize 7 U.S.C. § 7717(c)(1), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the statute are denied. The allegations in the second sentence of Paragraph 4 constitute characterizations of

---

[1] The headings correspond to the headings in the Complaint. Federal Defendants include them strictly to provide convenient reference to the Complaint and do not intend them to form any substantive part of the Federal Defendants' Answer. To the extent the Complaint headings make substantive allegations, Federal Defendants deny those allegations.

Plaintiffs' case, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

5. The allegations in the first sentence of Paragraph 5 constitute characterizations of Plaintiffs' case, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations. The allegations in the second, third, and fourth sentences of Paragraph 5 characterize APHIS's 2019 environmental impact statement ("2019 EIS") and various environmental assessments ("EAs"), which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations to the extent they are inconsistent with APHIS's final determinations in the Administrative Records. The allegations in the fifth sentence of Paragraph 5 constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

6. The allegations in the first and second sentences of Paragraph 6 characterize APHIS's consultations with the U.S. Fish & Wildlife Service ("FWS"), which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations to the extent they are inconsistent with APHIS's final determinations in the Administrative Records. The allegations in the third sentence of Paragraph 6 constitute characterizations of Plaintiffs' case and conclusions of law to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

7. The allegations in Paragraph 7 constitute characterizations of Plaintiffs' case, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

8. The allegations in Paragraph 8 constitute characterizations of Plaintiffs' case, to which

no response is required. To the extent a response is required, Federal Defendants deny the allegations.

9. The allegations in Paragraph 9 constitute characterizations of Plaintiffs' case, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

10. The allegations in Paragraph 10 constitute characterizations of Plaintiffs' case and requested relief, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations and further deny that Plaintiffs are entitled to their requested relief or to any relief whatsoever.

11. The allegations in Paragraph 11 constitute characterizations of Plaintiffs' case and requested relief, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations and further deny that Plaintiffs are entitled to their requested relief or to any relief whatsoever.

## "JURISDICTION AND VENUE"

12. The allegations in Paragraph 12 constitute conclusions of law and statements regarding jurisdiction, to which no response is required. To the extent a response is required, Federal Defendants admit that the referenced statutes are laws of the United States and deny the remaining allegations.

13. Federal Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation that Plaintiff resides in the District of Oregon, and on this basis deny the allegations. The allegations in Paragraph 13 constitute conclusions of law and statements regarding venue, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

14.     The allegations in Paragraph 14 constitute conclusions of law. To the extent a response is required, Federal Defendants deny the allegations.

15.     The allegations in Paragraph 15 constitute conclusions of law. To the extent a response is required, Federal Defendants deny the allegations.

## "PARTIES"

*"Plaintiffs"*

16.     Federal Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 16, and on this basis deny the allegations.

17.     Federal Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 17, and on this basis deny the allegations.

18.     Federal Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the first, second, and third sentences of Paragraph 18, and on this basis deny the allegations. The allegations in the fourth and fifth sentences of Paragraph 18 characterize Plaintiffs' comments during the administrative process, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records. The allegations in the sixth sentence of Paragraph 18 constitute conclusions of law. To the extent a response is required, Federal Defendants deny the allegations.

19.     Federal Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 19, and on this basis deny the

allegations.  The allegations in Paragraph 19 also constitute characterizations of Plaintiffs' case and requested relief, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations and further deny that Plaintiffs are entitled to their requested relief or to any relief whatsoever.

20.    Federal Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 20, and on this basis deny the allegations.  The allegations in Paragraph 20 also constitute characterizations of Plaintiffs' case and requested relief, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations and further deny that Plaintiffs are entitled to their requested relief or to any relief whatsoever.

21.    Federal Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 21, and on this basis deny the allegations.  The allegations in Paragraph 21 also constitute characterizations of Plaintiffs' case and requested relief, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations and further deny that Plaintiffs are entitled to their requested relief or to any relief whatsoever.

22.    The allegations in Paragraph 22 constitute conclusions of law and Plaintiffs' requested relief, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations and further deny that Plaintiffs are entitled to their requested relief or to any relief whatsoever.

*"Federal Defendants"*

23.    Federal Defendants admit the allegations in the first sentence of Paragraph 23.  The allegations in the second sentence of Paragraph 23 characterize 7 U.S.C. § 7717, which

speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the statute are denied.

24. Federal Defendants admit the allegations in the first sentence of Paragraph 24. The allegations in the second sentence of Paragraph 24 characterize 7 C.F.R. § 2.80(a)(36), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the regulation are denied.

## "LEGAL BACKGROUND"

### "APHIS's Statutory Authority to Control Grasshoppers and Mormon Crickets"

25. The allegations in Paragraph 25 characterize 48 Stat. 467, 498 (1934), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the statute are denied.

26. The allegations in Paragraph 26 characterize 37 Fed. Reg. 6,327, 6,327 (Mar. 22, 1972), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the regulation are denied.

27. The allegations in Paragraph 27, including footnote 2, characterize APHIS's 2002 EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

28. The allegations in Paragraph 28 characterize 99 Stat. 1354, 1658 (1985), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the statute are denied.

29. The allegations in Paragraph 29 characterize 7 U.S.C. § 136r-1, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language,

meaning, and context of the statute are denied.

30. The allegations in Paragraph 30, including subparagraphs (a) through (e), characterize 7 U.S.C. § 7717, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the statute are denied.

*"The National Environmental Policy Act"*

31. The allegations in Paragraph 31 characterize the National Environmental Policy Act ("NEPA") and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the statute and regulations are denied. The allegations in footnote 3 to Paragraph 31 constitute characterizations of Plaintiffs' case, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

32. The allegations in Paragraph 32 characterize *Ocean Advocates v. U.S. Army Corps of Engineers*, 402 F.3d 846, 864 (9th Cir. 2005), and 40 C.F.R. § 1500.1(b), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the case and regulation are denied.

33. The allegations in Paragraph 33 characterize NEPA, 42 U.S.C. § 4332(2)(C), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the statute are denied.

34. The allegations in Paragraph 34 characterize NEPA's implementing regulations, 40 C.F.R. §§ 1508.9, 1508.28, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of

the regulations are denied.

35. The allegations in Paragraph 35 characterize NEPA's implementing regulations, 40 C.F.R. §§ 1502.13, 1502.14(a)-(c), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the regulations are denied.

36. The allegations in Paragraph 36 characterize NEPA's implementing regulations, 40 C.F.R. §§ 1502.16, 1508.7, 1508.8, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the regulations are denied.

37. The allegations in Paragraph 37 characterize NEPA's implementing regulations, 40 C.F.R. §§ 1500.1(b), 1502.9(b), 1502.24, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the regulations are denied.

38. The allegations in Paragraph 38 characterize *ONDA v. Jewell*, 840 F.3d 562, 568-71 (9th Cir. 2016), *Robertson v. Methow Valley Citizens Council*, 490 U.S. 332, 350-52 (1989), and NEPA, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the cases and statute are denied.

*"The Endangered Species Act"*

39. The allegations in Paragraph 39 characterize the Endangered Species Act ("ESA"), 16 U.S.C. § 1532(b), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the statute are denied.

40. The allegations in Paragraph 40 characterize the ESA, 16 U.S.C. § 1536(a)(2), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the statute are denied.

41. The allegations in Paragraph 41 characterize the ESA, 16 U.S.C. § 1536(a)(2), and the ESA's implementing regulations, 50 C.F.R. § 402.14(a), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the statute and regulation are denied.

42. The allegations in Paragraph 42 characterize the ESA's implementing regulations, 50 C.F.R. § 402.12, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the regulation is denied.

43. The allegations in Paragraph 43 characterize the ESA's implementing regulations, 50 C.F.R. §§ 402.13, 402.14, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the regulations are denied.

44. The allegations in Paragraph 44 characterize the ESA's implementing regulations, 50 C.F.R. §§ 402.16(a)(3), (4), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the regulation is denied.

## "FACTUAL BACKGROUND"

*"Western Rangelands Contain Precious Biodiversity and Natural Resources"*

45. The allegations in Paragraph 45 constitute characterizations of Plaintiffs' case, to which no response is required. To the extent a response is required, Federal Defendants deny

the allegations.

46.     The allegations in Paragraph 46 constitute characterizations of Plaintiffs' case, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

*"Pesticides Pose Serious Risks to Western Rangeland Ecosystems"*

47.     The allegations in Paragraph 47 constitute characterizations of Plaintiffs' case, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

48.     The allegations in Paragraph 48 constitute characterizations of Plaintiffs' case, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

49.     The allegations in the first, second, fifth, sixth, seventh, and eighth sentences of Paragraph 49 constitute characterizations of Plaintiffs' case, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations. The allegations in the third and fourth sentences of Paragraph 49 characterize unidentified journal articles, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

50.     The allegations in Paragraph 50 constitute characterizations of Plaintiffs' case, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

51.     The allegations in Paragraph 51 characterize Plaintiffs' understanding of what

constitutes Integrated Pest Management ("IPM"). Federal Defendants deny the allegations to the extent they are inconsistent with the plain meaning, text, and context of 7 U.S.C. § 136r-1 and the final determinations in the Administrative Records. Federal Defendants also deny the allegations in the last sentence of Paragraph 51 as vague.

52. Federal Defendants deny the allegations in Paragraph 52.

*"Overview of the Rangeland Pesticides Program"*

53. The allegations in Paragraph 53 characterize unidentified documents, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

54. The allegations in Paragraph 54 characterize unidentified documents, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

55. Federal Defendants admit the allegations in Paragraph 55 that pesticide treatments under the program typically occur during the spring and summer, but deny the remaining allegations.

56. Federal Defendants deny the allegation in the first sentence of Paragraph 56, except to aver that to predict where grasshopper outbreaks may occur in a given year, surveys are conducted by APHIS or by a State through an APHIS-funded Cooperative Agreement. The allegations in the second and third sentences of Paragraph 56 characterize unidentified documents, which speak for themselves and are the best evidence of their

contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

57. The allegations in Paragraph 57 characterize unidentified documents, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

58. The allegations in Paragraph 58 characterize the state-level EAs, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

59. The allegations in Paragraph 59 characterize unidentified documents, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

60. Federal Defendants admit the allegations in the first sentence of Paragraph 60. The allegations in the second sentence of Paragraph 60 characterize 7 U.S.C. § 7717(c), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the statute are denied.

61. The allegations in Paragraph 61 characterize unidentified documents, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

62. The allegations in Paragraph 62 characterize unidentified documents, which speak for

themselves and are the best evidence of their contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

63. The allegations in Paragraph 63 characterize unidentified documents, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

*"The 2019 Programmatic Environmental Impact Statement"*

*"Prior Environmental Impact Statements"*

64. The allegations in Paragraph 64, including footnote 4, characterize APHIS's 1987 programmatic EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

65. The allegations in Paragraph 65 characterize APHIS's 2002 programmatic EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

66. The allegations in Paragraph 66 characterize statements by the Environmental Protection Agency ("EPA") and other unidentified statements, which speak for themselves and are the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

67. The allegations in Paragraph 67 characterize APHIS's 2019 programmatic EIS, which

speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

*"Alternatives Considered in the 2019 EIS"*

68. The allegations in Paragraph 68 characterize APHIS's 2002 and 2019 programmatic EISs, which speak for themselves and are the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

69. The allegations in Paragraph 69, including subparagraphs (a) through (c), characterize APHIS's 2019 programmatic EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

70. The allegations in Paragraph 70 characterize APHIS's 1987 and 2019 programmatic EISs and 7 U.S.C. §§ 136r-1, 7717 which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records and deny any allegations contrary to the plain language, meaning, and context of the statutes.

*"The Preferred Alternative"*

71. The allegations in Paragraph 71 characterize the 2019 Record of Decision ("ROD"), which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

72. Federal Defendants admit the allegations in Paragraph 72.

73. The allegations in Paragraph 73 constitute characterizations of Plaintiffs' case, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

74. The allegations in Paragraph 74 constitute characterizations of Plaintiffs' case, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

75. The allegations in Paragraph 75 constitute characterizations of Plaintiffs' case, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

76. The allegations in the first, second, third, and fourth sentences of Paragraph 76 constitute characterizations of Plaintiffs' case, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations. The allegations in the fifth sentence of Paragraph 76 characterize an unidentified statement by the EPA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

77. The allegations in the first, second, third, fourth, and fifth sentences of Paragraph 77 constitute characterizations of Plaintiffs' case, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations. The allegations in the sixth sentence of Paragraph 77 characterize an unidentified statement by the EPA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal

Defendants' final determinations in the Administrative Records.

78. The allegations in Paragraph 78 constitute characterizations of Plaintiffs' case, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

*"The EIS's Discussion of Past Treatments and Monitoring Results"*

79. The allegations in Paragraph 79 characterize the 2019 programmatic EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

80. The allegations in Paragraph 80 characterize the 2019 programmatic EIS and Environmental Monitoring Plans, which speaks for themselves and are the best evidence of their contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

*"Discussion of Mitigation Measures"*

81. The allegations in Paragraph 81 characterize the 2019 programmatic EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

82. The allegations in Paragraph 82 characterize the 2019 programmatic EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

83. The allegations in Paragraph 83 characterize the 2019 programmatic EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

84. The allegations in Paragraph 84 characterize the 2019 programmatic EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

85. The allegations in Paragraph 85 characterize the 2019 programmatic EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

86. The allegations in Paragraph 86 characterize unspecified complaints from private residential landowners and the 2019 programmatic EIS, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

87. The allegations in Paragraph 87 characterize the 2019 programmatic EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

88. The allegations in Paragraph 88 characterize the 2019 programmatic EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the

allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

89. The allegations in Paragraph 89 characterize the 2019 programmatic EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

*"Discussion of Impacts to Non-Target Species, Humans, and the Environment"*

90. The allegations in Paragraph 90 characterize the 2019 programmatic EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

91. The allegations in the first, second, and third sentences of Paragraph 91 constitute characterizations of Plaintiffs' case, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations. The allegations in the fourth sentence of Paragraph 91 characterize an unidentified BLM statement, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records. The allegations in the fifth sentence of Paragraph 91 characterize the 2019 programmatic EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

92. The allegations in the first and second sentences of Paragraph 92 constitute

characterizations of Plaintiffs' case, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations. The allegations in the third sentence of Paragraph 92 characterize an unidentified statement by the Idaho branch of FWS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

93.   The allegations in the first sentence of Paragraph 93 characterize unidentified studies, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records. The allegations in the second sentence of Paragraph 93 characterize the 2019 programmatic EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records. The allegations in the third, fourth, and fifth sentences of Paragraph 93 constitute characterizations of Plaintiffs' case, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

94.   The allegations in Paragraph 94 constitute characterizations of Plaintiffs' case, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

95.   The allegations in the first and second sentences of Paragraph 95 constitute characterizations of Plaintiffs' case, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations. The allegations in the

third sentence of Paragraph 95 characterize the 2019 programmatic EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

96. The allegations in Paragraph 96 constitute characterizations of Plaintiffs' case, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

97. The allegations in the first and second sentences of Paragraph 97 constitute characterizations of Plaintiffs' case, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations. The allegations in the third sentence of Paragraph 97 characterize an unidentified study, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records. The allegations in the fourth and fifth sentences of Paragraph 97 characterize the 2019 programmatic EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

98. The allegations in the first, third, fourth, and fifth sentences of Paragraph 98 constitute characterizations of Plaintiffs' case, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations. The allegations in the second sentence of Paragraph 98 characterize an unidentified BLM statement, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the

allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records. The allegations in the sixth sentence of Paragraph 98 characterize the 2019 programmatic EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

99. The allegations in the first sentence of Paragraph 99 characterize the 2019 programmatic EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records. The allegations in the second and third sentences of Paragraph 99 constitute characterizations of Plaintiffs' case, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

*"Discussion of Cumulative Impacts"*

100. The allegations in Paragraph 100 characterize the 2019 programmatic EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

101. The allegations in Paragraph 101 characterize the 2019 programmatic EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

102. The allegations in the second and third sentences of Paragraph 102 constitute

characterizations of Plaintiffs' case, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations. The allegations in the third sentence of Paragraph 102 characterize the 2019 programmatic EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

103. The allegations in Paragraph 103 characterize the 2019 programmatic EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

104. The allegations in Paragraph 104 characterize the 2019 programmatic EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

105. The allegations in the first sentence of Paragraph 105 and footnote 5, characterize the 2019 programmatic EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records. The allegations in footnote 5 also constitute characterizations of Plaintiffs' case, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations. The allegations in the second, third, and fourth sentences of Paragraph 105 characterize unspecified "Treatment records," which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations to the extent they are

inconsistent with Federal Defendants' final determinations in the Administrative Records.

106. The allegations in Paragraph 106 characterize the 2019 programmatic EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

107. The allegations in Paragraph 107 characterize the 2019 programmatic EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

*"Discussion of Threshold for Providing Treatment"*

108. The allegations in Paragraph 108 characterize 7 U.S.C. § 7717(c)(1), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the statute are denied.

109. The allegations in Paragraph 109 characterize the 2019 programmatic EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

110. The allegations in Paragraph 110 characterize the 2019 programmatic EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

111. The allegations in Paragraph 111 characterize the 2019 programmatic EIS, which

speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

112. The allegations in the first, second, and fifth sentences of Paragraph 112 characterize the 2019 programmatic EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records. The allegations in the third and fourth sentences of Paragraph 112 characterize an unidentified BLM statement, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

113. The allegations in the first and fourth sentences of Paragraph 113 characterize the 2019 programmatic EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records. The allegations in the second and third sentences of Paragraph 113 constitute characterizations of Plaintiffs' case, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

114. The allegations in Paragraph 114 characterize the 2019 programmatic EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

*"The Record of Decision for the 2019 EIS"*

115. The allegations in Paragraph 115 characterize the 2019 ROD and 7 U.S.C. §§ 136r-1, 7717(b)(1), which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records and deny any allegations contrary to the plain language, meaning, and context of the statutes.

116. The allegations in Paragraph 116 characterize the 2019 ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

*"The Environmental Assessments for Oregon, Idaho, Montana, and Wyoming"*

*"APHIS's 'Site-Specific Environmental Assessments Generally"*

117. The allegations in the first sentence of Paragraph 117 characterize the 2019 programmatic EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records. The allegations in the second, third, fourth, fifth, and sixth sentences of Paragraph 117 characterize the state-level EAs, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

118. The allegations in Paragraph 118 characterize the state-level EAs, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records. The allegations in the second sentence of

Paragraph 118 also characterize APHIS's 2008 Grasshopper Guidebook, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

*"Oregon's 2022 Environmental Assessment"*

*"Site-Specificity of the EA"*

119. The allegations in Paragraph 119 characterize Oregon's 2022 EA and Finding of No Significant Impact ("FONSI"), which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

120. The allegations in Paragraph 120 characterize Oregon's 2022 EA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

121. The allegations in Paragraph 121 characterize Oregon's 2022 EA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

122. The allegations in Paragraph 122 characterize Oregon's 2022 EA and FONSI, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

123. The allegations Paragraph 123 constitute characterizations of Plaintiffs' case, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

*"Discussion of Past Treatments and Species Locations"*

124. The allegations in Paragraph 124 characterize Oregon's 2022 EA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

*"Discussion of Direct, Indirect, and Cumulative Impacts"*

125. The allegations in the first sentence of Paragraph 125 characterize the 2019 programmatic EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records. The allegations in the second sentence of Paragraph 125 characterize Oregon's 2022 EA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

126. The allegations in the first sentence of Paragraph 126 characterize the 2019 programmatic EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records. The allegations in the second, third, and fourth sentences of Paragraph 126 characterize Oregon's 2022 EA, which speaks for itself and is the best evidence of its contents. Federal Defendants

deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

127. The allegations in Paragraph 127 characterize Oregon's 2022 EA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

128. The allegations in Paragraph 128 characterize Oregon's 2022 EA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records. The allegations in the first sentence of Paragraph 128 also characterize the Oregon FWS office's 2022 letter of concurrence, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

*"Idaho's 2020 Environmental Assessment"*

129. The allegations in Paragraph 129 characterize Idaho's 2020 EA and FONSI, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

130. The allegations in the first sentence of Paragraph 130 characterize Idaho's 2020 EA and Oregon's 2022 EA, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records. The

allegations in the second sentence of Paragraph 130 characterize Idaho's 2020 EA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

131. The allegations in the first, second, and third sentences in Paragraph 131 characterize Idaho's 2020 EA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records. The allegations in the fourth sentence of Paragraph 131 constitute characterizations of Plaintiffs' case, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

*"Montana's 2022 Environmental Assessments"*

132. The allegations in Paragraph 132 characterize Montana's three EAs and FONSIs, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

133. The allegations in the first sentence of Paragraph 133 characterize Idaho's 2020 EA, Oregon's 2022 EA, and Montana's three EAs, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records. The allegations in the second, third, and fourth sentences of Paragraph 133 characterize Montana's three EAs, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations to the

extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

*"Wyoming's 2022 Environmental Assessment"*

134. The allegations in Paragraph 134 characterize Wyoming's 2022 EA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

135. The allegations in Paragraph 135 characterize Idaho's 2020 EA, Oregon's 2022 EA, Montana's three EAs, and Wyoming's 2022 EA, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

*"APHIS's Compliance with the Endangered Species Act"*

136. The allegations Paragraph 136 constitute characterizations of Plaintiffs' case, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

137. The allegations in Paragraph 137 characterize unidentified consultations between APHIS and FWS from 1987 through 1995, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

138. The allegations in the first sentence of Paragraph 138 characterize APHIS's 2002 programmatic EIS, which speaks for itself and is the best evidence of its contents.

Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records. The allegations in the second sentence of Paragraph 138 characterize APHIS's 2015 programmatic Biological Assessment ("BA"), which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records. Federal Defendants admit the allegations in the third and fourth sentences of Paragraph 138.

139. The allegations Paragraph 139 characterize the 2019 ROD and FWS's 1995 Biological Opinion, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records. The allegations Paragraph 139 also constitute characterizations of Plaintiffs' case, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

140. The allegations in the first sentence of Paragraph 140 constitute characterizations of Plaintiffs' case, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations. The allegations in the second and third sentences of Paragraph 140 characterize APHIS's BAs and letters of concurrence from FWS regional offices, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

141. The allegations in Paragraph 141 constitute characterizations of Plaintiffs' case, to which no response is required. To the extent a response is required, Federal Defendants

deny the allegations.

142. The allegations in Paragraph 142 characterize the state-level EAs and FWS letters of concurrence, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations to the extent they are inconsistent with Federal Defendants' final determinations in the Administrative Records.

143. The allegations in Paragraph 143 constitute characterizations of Plaintiffs' case, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

144. Federal Defendants admit the allegations in Paragraph 144 with respect to APHIS. Federal Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 144 with respect to FWS and the Department of the Interior, and on this basis deny the allegations.

## "FIRST CLAIM FOR RELIEF"

### *"The EIS Violates NEPA"*

145. Federal Defendants incorporate by reference their responses to all preceding Paragraphs.

146. The allegations in Paragraph 146 constitute characterizations of Plaintiffs' case, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations and deny any violation of law.

147. The allegations in Paragraph 147 constitute conclusions of law, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

148. The allegations in Paragraph 148 constitute conclusions of law, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

149. The allegations in Paragraph 149, including subparagraphs (a) through (c), constitute conclusions of law, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

150. The allegations in Paragraph 150 constitute conclusions of law, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

151. The allegations in Paragraph 151 constitute conclusions of law, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations and further deny that Plaintiffs are entitled to their requested relief or to any relief whatsoever.

## "SECOND CLAIM FOR RELIEF"

### *"Oregon's 2022 EA Violates NEPA"*

152. Federal Defendants incorporate by reference their responses to all preceding Paragraphs.

153. The allegations in Paragraph 153 constitute characterizations of Plaintiffs' case, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations and deny any violation of law.

154. The allegations in Paragraph 154, including subparagraphs (a) through (c), constitute conclusions of law, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

155. The allegations in Paragraph 155 constitute conclusions of law, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations and further deny that Plaintiffs are entitled to their requested relief or to any relief whatsoever.

## "THIRD CLAIM FOR RELIEF"

### *"Idaho's 2020 EA Violates NEPA"*

156. Federal Defendants incorporate by reference their responses to all preceding Paragraphs.

157. The allegations in Paragraph 157 constitute characterizations of Plaintiffs' case, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations and deny any violation of law.

158. The allegations in Paragraph 158, including subparagraphs (a) through (c), constitute conclusions of law, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

159. The allegations in Paragraph 159 constitute conclusions of law, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations and further deny that Plaintiffs are entitled to their requested relief or to any relief whatsoever.

## "FOURTH CLAIM FOR RELIEF"

### *"Montana's 2022 EAs Violate NEPA"*

160. Federal Defendants incorporate by reference their responses to all preceding Paragraphs.

161. The allegations in Paragraph 161, including footnote 6, constitute characterizations of Plaintiffs' case, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations and deny any violation of law.

162. The allegations in Paragraph 162, including subparagraphs (a) through (c), constitute conclusions of law, to which no response is required. To the extent a response is

required, Federal Defendants deny the allegations.

163. The allegations in Paragraph 163 constitute conclusions of law, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations and further deny that Plaintiffs are entitled to their requested relief or to any relief whatsoever.

## "FIFTH CLAIM FOR RELIEF"

### *"Wyoming's 2022 EA Violates NEPA"*

164. Federal Defendants incorporate by reference their responses to all preceding Paragraphs.

165. The allegations in Paragraph 165 constitute characterizations of Plaintiffs' case, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations and deny any violation of law.

166. The allegations in Paragraph 166, including subparagraphs (a) through (c), constitute conclusions of law, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

167. The allegations in Paragraph 167 constitute conclusions of law, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations and further deny that Plaintiffs are entitled to their requested relief or to any relief whatsoever.

## "SIXTH CLAIM FOR RELIEF"

### *"Failure to Complete Programmatic ESA Consultation"*

168. Federal Defendants incorporate by reference their responses to all preceding Paragraphs.

169. The allegations in Paragraph 169 constitute characterizations of Plaintiffs' case, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations and deny any violation of law.

170. The allegations in Paragraph 170 constitute conclusions of law, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

171. The allegations in Paragraph 171 constitute conclusions of law, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

172. The allegations in Paragraph 172 constitute conclusions of law, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

173. The allegations in Paragraph 173 constitute conclusions of law, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations and further deny that Plaintiffs are entitled to their requested relief or to any relief whatsoever.

### "SEVENTH CLAIM FOR RELIEF"

*"The Rangeland Pesticides Program Selected in the ROD and*

*State-Level FONSIs Violate the Plant Protection Act and FIFRA"*

174. Federal Defendants incorporate by reference their responses to all preceding Paragraphs.

175. The allegations in the first sentence of Paragraph 175 constitute characterizations of Plaintiffs' case, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations and deny any violation of law. The allegations in the second sentence of Paragraph 175 constitute conclusions of law, to which no response is required. To the extent a response is required, Federal Defendants deny the

allegations.

176. The allegations in Paragraph 176, including subparagraphs (a) through (c), constitute conclusions of law, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

177. The allegations in Paragraph 177 constitute conclusions of law, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations and further deny that Plaintiffs are entitled to their requested relief or to any relief whatsoever.

## "PRAYER FOR RELIEF"

The remaining allegations set forth in the Complaint consist of Plaintiffs' prayer for relief, to which no response is required. To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to the relief requested or any other relief whatsoever.

## GENERAL DENIAL

Federal Defendants deny any and all allegations in Plaintiffs' Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

## DEFENSES

1. Some or all of Plaintiffs' claims are barred by failure to exhaust administrative remedies and waiver.

2. Plaintiffs have failed to establish this Court's jurisdiction for some or all of their claims.

3. Some or all of Plaintiffs' claims fail to state a claim upon which relief can be granted.


WHEREFORE, Federal Defendants request that this Court dismiss Plaintiffs' Complaint, enter judgment for Federal Defendants, and award Federal Defendants' court costs and any such

further relief that this Court deems just and appropriate.

Respectfully submitted on this 16th day of September 2022.

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division

*/s/ John P. Tustin*
JOHN P. TUSTIN
Senior Attorney
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Phone: (202) 305-3022 / Fax: (202) 305-0275
john.tustin@usdoj.gov

AMANDA V. LINEBERRY
Virginia State Bar No. 94862
Trial Attorney
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044-7611
Phone: (202) 616-5376
amanda.lineberry@usdoj.gov

NATALIE K. WIGHT
United States Attorney

*Attorneys for Federal Defendants*