UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **XERCES SOCIETY FOR INVERTEBRATE CONSERVATION and CENTER FOR BIOLOGICAL DIVERSITY**, <br><br> Plaintiffs, <br><br> v. <br><br> **KEVIN SHEA, in his official capacity as Administrator of the Animal and Plant Health Inspection Service; and the ANIMAL AND PLANT HEALTH INSPECTION SERVICE**, <br><br> Federal Defendants, <br><br> and <br><br> **STATE OF WYOMING and STATE OF MONTANA**, <br><br> Intervenor-Defendants. | Case No.: 3:22-cv-00790-HZ <br><br> **[PROPOSED] ORDER ON REMEDIES** |

PLAINTIFFS' PROPOSED ORDER ON REMEDIES

*[Body of remedies order]*

For the reasons given above, and for the reasons given in this Court's August 1, 2024 Opinion & Order (ECF No. 83), **IT IS ORDERED** that:

(1) APHIS's 2019 Rangeland Grasshopper and Mormon Cricket Suppression Program ("Program") Environmental Impact Statement ("2019 EIS") is DECLARED to violate the National Environmental Policy Act, 42 U.S.C. 4331 *et seq.*, and is REMANDED to APHIS for further proceedings consistent with this order, the Court's previous orders, and applicable laws and regulations.

    a. APHIS must issue a new EIS for the Program on or before **[date two years after the date of this order]**. If, before that time, APHIS determines that it is not able to meet the deadline, it may move the Court to modify this judgment and allow for such additional time as is necessary to complete the new EIS. *See* Fed. R. Civ. P. 60(b)(5).

    b. The new EIS for the Program must address the deficiencies with the 2019 EIS identified in the Court's summary-judgment order, ECF No. 83.

    c. In addressing the failure to consider integrated pest management ("IPM") techniques, APHIS shall take all necessary steps to ensure that it is able to meaningfully consider such techniques in the new EIS. This may include, *inter alia*, designating "any Federal, State, Tribal, or local agency that has jurisdiction by law or special expertise with respect to any environmental impact involved in [APHIS's] proposal to serve as a cooperating agency, 42 U.S.C. § 4336a(a)(3); "request[ing] the participation of each cooperating agency at the earliest practicable time," *id.* § 4336a(a)(2)(B); and "giv[ing] consideration to any

analysis or proposal created by a cooperating agency" when preparing the new EIS, *id.* § 4336a(a)(2)(C).

(2) Until APHIS signs a Record of Decision ("ROD") adopting its new EIS, APHIS must comply with the following notification and disclosure requirements:

*Notification of Pesticide Treatments*

a. APHIS must notify the general public, via an easily-accessible page on its website, of planned pesticide treatments under the Program.

b. APHIS must post an initial notice of a planned treatment within one week (seven days) of the *earliest* of the following events:

   i. when APHIS receives a formal request for treatment from a federal agency or state department;

   ii. when APHIS determines that treatment is warranted;

   iii. when Part A or Part B of a "Project Planning and Reporting Worksheet" is finalized and/or approved; or

   iv. when APHIS issues a request for quote, contract solicitation, or similar document seeking to engage a contractor to perform a pesticide treatment.

c. The initial public notice for each pesticide treatment shall consist of at least the following information, to the extent it is available:

   i. the identity of the requesting federal agency or state department;

   ii. the anticipated date(s) of treatment;

   iii. the anticipated location(s) of treatment, including any maps showing such location(s);

   iv. the anticipated total acres to be treated and "protected"; and

      v. the anticipated type(s) of pesticide(s) and method(s) of application to be used.

d. If, between the time APHIS posts an initial notice of an upcoming pesticide treatment and the time of treatment, new or revised information becomes available regarding the location(s) of treatment, type(s) of pesticide(s) to be used, method(s) of application, or date(s) of treatment, APHIS shall update the notice posted on its website within 48 hours, noting the date and time of the update.

e. APHIS may redact or withhold information as necessary to comply with the Food, Conservation, and Energy Act of 2008, 7 U.S.C. § 8791. But if APHIS withholds or redacts treatment maps or precise treatment locations, it must indicate the areas to be treated using the Public Land Survey System, disclosing the Townships, Ranges, and Sections to be treated.

*Disclosure of Pre-Treatment Analyses*

f. APHIS shall disclose to the general public, via an easily-accessible page on its website, pre-treatment analyses of pesticide treatments conducted under the Program. This includes, but is not necessarily limited to, the following types of documents:

      i. formal requests for treatment received from federal agencies or state departments;

      ii. evaluations of requests for treatment prepared by APHIS;

      iii. recommendations for treatment prepared by APHIS;

      iv. Parts A (Detailed Work Plan) and B (Aerial Contract, Site-specific Description) of Project Planning and Reporting Worksheets, or any equivalent documents;

      v. maps of proposed treatments;

      vi. Land Manager Consistency Reviews; and

      vii. site-specific "determination documents" as discussed in Appendix E of APHIS's Grasshopper Guidebook.

g. APHIS shall release these analyses to the public as soon as is practicable, and shall make every reasonable effort to release them before treatments occur.

h. APHIS may redact portions of these analyses as necessary to comply with the Food, Conservation, and Energy Act of 2008, 7 U.S.C. § 8791.

*Disclosure of Treatment Data and Post-Treatment Analyses*

a. APHIS shall disclose to the general public, via an easily-accessible page on its website, treatment data and post-treatment analyses of pesticide treatments conducted under the Program. This includes, but is not necessarily limited to, the following types of analyses:

    a. Part C (Post Treatment Report) of Project Planning and Reporting Worksheets, or any equivalent documents;

    b. maps of completed treatments

    c. post-treatment monitoring data and reports; and

    d. any other treatment-specific analyses not already disclosed to the public.

b. APHIS shall release these documents to the public by October 31st of each calendar year in which the treatments at issue occur.

PLAINTIFFS' PROPOSED ORDER ON REMEDIES      4

    c.   APHIS may redact portions of these analyses as necessary to comply with the Food, Conservation, and Energy Act of 2008, 7 U.S.C. § 8791.

(3) The environmental assessments ("EAs") and associated findings of no significant impact ("FONSIs") challenged in Plaintiffs' Second, Third, Fifth, and Eighth Claims for Relief are DECLARED to violate the National Environmental Policy Act, 42 U.S.C. 4331 *et seq.* The Montana and Wyoming EAs and the associated FONSIs challenged in Plaintiffs' Fifth and Eighth Claims for Relief are VACATED. The EAs are REMANDED to APHIS for further proceedings consistent with this order, the Court's previous orders, and applicable laws and regulations.